UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:17-CV-00021-JHM

TONJA GIBSON                                                                                     PLAINTIFF

V.

CITY OF STURGIS, KENTUCKY; STURGIS,
KENTUCKY POLICE DEPARTMENT, et. al.                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Sturgis, Kentucky Police Department to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [DN 1-5 at 38]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Plaintiff, Tonja Gibson, filed a civil action on November 14, 2016, in the Union Circuit Court against Defendants, City of Sturgis, Kentucky; Sturgis, Kentucky Police Department; Duane Jackson, Chief of Police; Eric McCallister, Police Officer; Union County Sheriff's Department; Mickey Arnold, Sheriff; Lee Chandler, Deputy Sheriff; and Richard Jones, Union County Dog Warden. (Complaint, DN 1-5 at 2-3.) Plaintiff alleges that she was arrested on November 14, 2015, after a neighbor reported that her dogs were running loose in Sturgis, Kentucky. (Complaint, DN 1-5 at 4.) Gibson avers that she was arrested by Union County Deputy Sheriff Lee Chandler and Sturgis Police Officer Eric McCallister and was charged with resisting arrest, disorderly conduct, and violation of Union County Ordinance 06-01. Additionally, Plaintiff states that her dogs were unlawfully seized. Plaintiff asserts claims for unlawful search and seizure, false imprisonment and arrest, negligence, infliction of emotional distress, assault/battery, malicious prosecution, negligent hiring, supervision and retention, and

1

vicarious liability against Defendants. (Id.) Plaintiff also claims that the Defendants violated her rights pursuant to the Kentucky Constitution and Kentucky law. On December 6, 2016, Defendant, Sturgis, Kentucky Police Department (hereinafter "Sturgis Police Department"), moved to dismiss the complaint against it arguing that the Sturgis Police Department is not an entity subject to suit.

On February 22, 2017, Defendants, City of Sturgis, Sturgis Police Department, and Duane Jackson, removed the action to this Court pursuant to 28 U.S.C. § 1441(a). According to Defendants, Plaintiff alleged in her complaint that Defendants violated "clearly established constitutional rights" and that "the search and seizure of the Plaintiff and her property constituted a reckless and/or callous indifference to Plaintiff's constitutionally protected rights." Given these allegations, Defendants sent Plaintiff a Request for Admission asking her to admit that she has "not brought any federal Constitutional claims or any other federal claims against these Defendants." On January 30, 2017, Plaintiff responded: "Plaintiff states the Complaint speaks for itself; however, there is no question the conduct of the Defendants collectively and individually, violated certain of Plaintiff's rights protected by the United States Constitution as well as federal statutes, including but not limited to 42 U.S.C. § 1983." (DN 1 at ¶¶ 4, 5.) Given this response, Plaintiff's filed the notice of removal based on federal question jurisdiction, 28 U.S.C. § 1331.

Now before the Court is the motion to dismiss originally filed by the Defendant, Sturgis Police Department, in the state court action. Plaintiff filed a response. (DN 1-6 at 26.) Defendant filed a reply. (DN 1-6 at 36.)

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United

Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

The Court will dismiss the claims against Sturgis Police Department because it is not an entity subject to suit. Smallwood v. Jefferson County Government, 743 F. Supp. 502, 503 (W.D. Ky. 1990); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against the police department are against the City of Sturgis as the real party in interest. Matthews, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); Miller v. Bullitt County Fiscal Court, 2017 WL 380929, *5-6 (W.D. Ky. Jan. 26, 2017)(plaintiff's state law claims against Bullitt County Fiscal Court are claims against the county itself); Smith v. Flinkfelt, 2013 WL 5467618, *5 (E.D. Ky. Sept. 30, 2013) (dismissing all claims against Henry County Animal Control because Henry County was the proper

defendant); Bennett v. Radcliff Police Dept., 2013 WL 4456677, *5 (W.D. Ky. Aug. 16, 2013)(Kentucky case law treats police departments as mere divisions of the city government. Court dismissed state law trespass claim against the Radcliff Police Department because "[p]laintiffs should have sued the City of Radcliff, rather than the RPD, for recovery on its state and federal law claims.") Accordingly, any claims asserted against the Sturgis Police Department, including the failure to properly train and supervise its police officer, are deemed asserted against the City of Sturgis.

Contrary to Plaintiff's argument, Kindle v. City of Jeffersontown, Ky. does not warrant a different conclusion. 374 Fed. Appx. 562, 570-571 (6th Cir. 2010). The Sixth Circuit in Kindle addressed the issue of whether the Jeffersontown Civil Service Commission was a necessary and indispensable party for purposes of affording complete relief to former Jeffersontown Police Department employees who sought reinstatement to employment. The Sixth Circuit distinguished the holding in Mathews v. Jones and Smallwood v. Jefferson County Government finding that neither case involved a suit against a civil service commission. As noted by the Sixth Circuit, authority of Kentucky state courts indicates that a commission is a different type of entity from a mayor sued in his official capacity or a police department, "and one that is properly party to a suit." Id. at 571.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Sturgis, Kentucky Police Department, to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [DN 1-5 at 38], is **GRANTED**.

*Joseph H. McKinley, Jr.*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

April 6, 2017